IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTOINE HILL,

    Plaintiff,

v.                                             Criminal No. 3:11cv480

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION**

Antoine Hill, a federal prisoner proceeding pro se, filed this "MOTION FOR RETURN OF SEIZED PROPERTY" ("Motion to Return Property") (Docket No. 2) pursuant to Federal Rule of Criminal Procedure 41(g). This United States has responded.[1] (Docket No. 14.) Hill filed a Reply (Docket No. 15) and an unsupported Motion for Summary Judgment (Docket No. 18). The matter is ripe for judgment.

**I. PROCEDURAL HISTORY**

Richmond City Police targeted Hill during an investigation for drug trafficking. (Mot. Ret. Prop. 12.)[2] On August 10, 2007, Richmond City Police executed a search warrant at the

---

[1] The Clerk docketed the response of the United States as a motion for summary judgment.

[2] Because Hill's Motion to Return Property and attachments lack consistent numbering, the Court employs the numbers assigned to this document from the Court's CM/ECF docketing system.

residence of Hill, 515 West Franklin Street, Apt. #316, Richmond, Virginia, and seized, inter alia, heroin, drug paraphernalia, a semiautomatic pistol, ammunition, $6867.00 in United States currency, documents and papers, phones, and jewelry. (Mot. Ret. Prop. 1-2, 9, 15-18.)

In the Circuit Court of the City of Richmond ("Circuit Court"), Hill waived service of a copy of the Information and Notice of Seizure, and "waive[d] any and all interest in said, $ 6867.00 in United States Currency[] . . . and agree[d] to the entry of the final Order of Forfeiture . . . . to the Court ex parte." Stipulation and Agreement 2, Commonwealth v. $6867.00 United States Currency, et. al., No. 07F4391/BWS (Va. Cir. Ct. filed Aug. 10, 2007) (alterations to original). The Circuit Court entered a Final Order of Forfeiture for $6867.00 in United States currency, finding Hill used the property in connection with the illegal manufacture, sale, or distribution of controlled substances, or Hill furnished, or intended to furnish the property, in exchange for a controlled substance in violation of Section § 18.2-248 or 18.2-248.1 of the Virginia Code. Final Order of Forfeiture 2-3, Commonwealth v. $6867.00 United States Currency, et. al., No. 07F4391/BWS (Va. Cir. Ct. Nov. 27, 2007). The Circuit Court ordered the property forfeited to the Commonwealth. Id. at 3.

Based on the search of his residence, the United States indicted Hill on federal drug and firearm charges. Sealed Indictment 1-2 (Docket No. 3), United States v. Hill, No. 3:07cr407 (E.D. Va. filed Oct. 16, 2007). The Indictment listed the following property as subject to forfeiture upon Hill's conviction of the crimes charged in the Indictment: $6900.00 in United States currency, a Kel-Tec 9mm semi-automatic pistol, and 9mm ammunition. Id.

Following a jury trial, this Court entered a conviction of Hill of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm/ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Judgment 1 (Docket No. 36), United States v. Hill, No. 3:07cr407 (E.D. Va. Oct. 7, 2008). Pursuant to Federal Rule of Civil Procedure 32.2, the Government moved for criminal forfeiture of the firearm and ammunition.[3] Motion for Forfeiture of Property 1 (Docket No. 31), United States v. Hill, No. 3:07cr407 (E.D. Va. Oct. 6, 2008). The Court ordered criminal forfeiture of the

---

[3] In its Response, the United States notes that the $6900.00 listed in the indictment was the same $6867.00 seized by the Richmond Police. (Resp. Mot. Ret. Prop. 3, n.1.) Because Hill forfeited this currency to the Commonwealth pursuant to the Final Notice of Forfeiture, the United States moved for criminal forfeiture of only the firearm and ammunition.

3

firearm and ammunition. Order of Forfeiture (Docket No. 34), United States v. Hill, No. 3:07cr407 (E.D. Va. Oct. 7, 2008).

On October 26, 2010, Hill filed his Motion to Return Property, seeking the return of: (1) the $6,867.00 in United States currency; (2) documents and papers; (3) phones; and (4) jewelry. (Mot. Ret. Prop. 1-2.) He argues that the Government must return the property because "the government never formally instituted a foreiture [sic] proceeding(s) in conformity with established United States Law . . . ." (Reply Br. (Docket No. 15) at 1-2.) For the reasons set forth below, Hill's Motion for Return of Property will be dismissed with respect to the currency and the jewelry.[4]

## II. RELIEF PURSUANT TO FED. R. CRIM. P. 41(G)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

---

[4] Because the United States never possessed the currency and jewelry, the Court lacks subject matter jurisdiction over the property, and the appropriate disposition is dismissal. See United States v. Downs, 22 F. App'x 961, 962 (10th Cir. 2001).

Fed. R. Crim. P. 41(g). The Court properly denies a motion for return of property if the defendant lacks entitlement to "'lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (quoting United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).[5] Additionally, appropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property. See United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003); United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997). In "limited circumstances," a defendant may use Rule 41(g) "as a vehicle to petition for the return of property seized by state authorities." Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999), superseded by statute, Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 2, 114 Stat. 202, 208, as recognized in Kadonsky v. United States, 3 F. App'x 898, 904 n.6 (10th Cir. 2001).[6] These

---

[5] The cases cited herein predating 2002 address motions brought pursuant to Federal Rule of Criminal Procedure 41(e). The Advisory Committee reorganized Rule 41 in 2002, amended Rule 41(e), and recodified it as Rule 41(g). The Advisory Committee Notes described the changes as "stylistic only." See Fed. R. Crim. P. 41, Advisory Committee Notes, 2002 Amendments.

[6] Clymore remains good authority for the above proposition set forth in this Memorandum Opinion. However, Congress significantly amended the civil forfeiture statute discussed in Clymore. See Kadonsky, 3 F. App'x at 904 n.6.

circumstances include "actual federal possession of the property forfeited by the state," or constructive federal possession of the property: (1) where the government uses the property as evidence in the federal prosecution, or (2) where the federal government directed state officials to seize the property. Clymore, 164 F.3d at 571; see United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006); at Solis, 108 F.3d 722-23. Moreover, a state's decision to defer prosecution to the United States by itself, fails to confer constructive possession of property seized during the state investigation. Copeman, 458 F.3d at 1072.

A. **Return Of The $6867.00**

Here, the United States establishes that Hill lacks lawful entitlement to possession of the $6867.00. The United States argues that it never possessed the currency,[7] and in any event, Hill forfeited the currency through state proceedings because he used the currency in connection with the drug offenses. Moreover, the Final Order of Forfeiture and Stipulation and Agreement entered in the Circuit Court of the City of Richmond

---

[7] The United States submits the Declaration of Anthony Spotswood, a Special Agent with the Richmond office of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (Resp. Mot. Ret. Prop. Attach. 1.) Spotswood states that he checked the ATF's evidence inventory system and determined that ATF never possessed the property Hill seeks to have returned. Id.

demonstrate that Hill forfeited the $6867.00 to the Commonwealth of Virginia in a state proceeding. Because the Commonwealth of Virginia judicially seized the $6867.00, Hill lacks lawful entitlement to this property, and he cannot avail himself of Rule 41(g) relief. See Clymore, 164 F.3d at 571-72; United States v. Fitzen, 80 F.3d 387, 389 (9th Cir. 1996).

Hill contends that the United States constructively possessed the $6,867.00 of forfeited currency.[8] However, Hill ignores the fact that he lacks lawful entitlement to property that the state forfeited, foreclosing Rule 41(g) relief for the currency. Hill's Motion for Return of Property regarding the return of the $6867.00 will be dismissed.

### B. Return Of The Papers And Documents, Phones, And Jewelry

Hill also seeks return of papers and documents, phones, and jewelry seized by the state pursuant to a search warrant. Hill argues entitlement to the return of this property because the government never formally instituted forfeiture proceedings against this property. (Mot. Ret. Prop. 5.) The United States concedes that it never sought forfeiture of this property, but argues that the state seized the property pursuant to a state

---

[8] Hill directs the Court to a trial transcript excerpt in which the United States asks Hill whether he forfeited money found in his apartment to state detectives. Hill responds: "I never forfeited nothing." (Reply Brief Attach. C 217-18.) Thus, he contends the Government used the $6867.00 as evidence in his federal prosecution. Id.

search warrant, and none of Hill's pleadings suggest federal involvement in the seizure. (Resp. Mot. Ret. Prop. 4.) The United States submits the Declaration of Special Agent Spotswood of the ATF to demonstrate that the United States never possessed this property. (Resp. Mot. Ret. Prop. Attach. 1.) Neither Hill nor the record shows that the United States actually or constructively possessed the jewelry. Hill's Rule 41(g) motion will be denied regarding the return of the jewelry.

A cursory review of the criminal trial docket, however, reveals the United States entered both phones and documents into evidence at trial. Exhibit and Witness List 1 (Docket No. 26), United States v. Hill, No. 3:07cr407 (E.D. Va. filed July 2, 2008). The United States submits the Declaration of Detective Todd Bevington of the City of Richmond Police Department ("RPD") to demonstrate that the RPD currently possesses the cellular phones and documents. (Resp. Opp'n Mot. Summ. J. Attach 1.) The United States argues that "[t]he use of some property as evidence at trial in no way diminishes" the conclusion that "the [RPD] and not ATF had custody of the property seized from Hill." (Resp. Opp'n Mot. Summ. J. 6.) The United States, however, fails to address the issue of constructive possession of these items in its response. See Copeman, 458 F.3d at 1072; Clymore, 164 F.3d at 571; Solis, 108 F.3d at 722-23; see, e.g., United States

v. Watson, No. 04-CR-182-TCK, 2011 WL 3241357, at *1-2 (N.D. Okla. July 28, 2011) (finding items seized by state officials, which remained in state custody were constructively possessed by United States because the items were introduced as evidence in federal prosecution). Given this omission, the Court declines to resolve the proper disposition of the phones and jewelry at this juncture.

### III. CONCLUSION

Based on the foregoing, the United States's Motion for Summary Judgment (Docket No. 14) will be granted in part and denied in part. Hill's Motion to Return Property (Docket No. 1) will be dismissed in part. Hill's Motion for Summary Judgment will be denied. (Docket No. 18.) The Government will be directed to submit further briefing addressing constructive possession.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Hill and counsel for the United States.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 12, 2012