

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTOINE HILL,

    Plaintiff,

v.                                                    Criminal No. 3:11cv480

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

Antoine Hill, a federal prisoner proceeding pro se, filed this "MOTION FOR RETURN OF SEIZED PROPERTY" ("Motion to Return Property") (ECF No. 2) pursuant to Federal Rule of Criminal Procedure 41(g). By Memorandum Opinion and Order entered December 13, 2012, the Court granted in part and denied in part the United States's Motion for Summary Judgment, dismissed Hill's Motion to Return Property in part, and directed the Government to submit further briefing addressing constructive possession. (ECF No. 22-23.) The United States has filed its supplemental briefing. (ECF No. 24.) Hill filed his Reply. (ECF No. 28.) For the reasons stated below, Hill's Motion to Return Property will be dismissed.

## I.  PROCEDURAL HISTORY

Richmond City Police targeted Hill during an investigation for drug trafficking.  (Mot. Ret. Prop. 12.)[1]  On August 10, 2007, Richmond City Police executed a search warrant at the residence of Hill, 515 West Franklin Street, Apt. #316, Richmond, Virginia, and seized, inter alia, heroin, drug paraphernalia, a semiautomatic pistol, ammunition, $6867.00 in United States currency, documents and papers, phones, and jewelry.  (Mot. Ret. Prop. 1-2, 9, 15-18.)

In the Circuit Court of the City of Richmond ("Circuit Court"), Hill waived service of a copy of the Information and Notice of Seizure, and "waive[d] any and all interest in said, $ 6867.00 in United States Currency[] . . . and agree[d] to the entry of the final Order of Forfeiture . . . . to the Court ex parte."  Stipulation and Agreement 2, Commonwealth v. $6867.00 United States Currency, et. al., No. 07F4391/BWS (Va. Cir. Ct. filed Aug. 10, 2007) (alterations to original).  The Circuit Court entered a Final Order of Forfeiture for $6867.00 in United States currency, finding Hill used the property in connection with the illegal manufacture, sale, or distribution of controlled substances, or Hill furnished, or intended to furnish

---

[1] Because Hill's Motion to Return Property and attachments lack consistent numbering, the Court employs the numbers assigned to this document from the Court's CM/ECF docketing system.

the property, in exchange for a controlled substance in violation of Section § 18.2-248 or 18.2-248.1 of the Virginia Code. Final Order of Forfeiture 2-3, Commonwealth v. $6867.00 United States Currency, et. al., No. 07F4391/BWS (Va. Cir. Ct. Nov. 27, 2007). The Circuit Court ordered the property forfeited to the Commonwealth. Id. at 3.

Based on the search of his residence, the United States indicted Hill on federal drug and firearm charges. Sealed Indictment 1-2, United States v. Hill, No. 3:07cr407 (E.D. Va. filed Oct. 16, 2007), ECF No. 3. The Indictment listed the following property as subject to forfeiture upon Hill's conviction of the crimes charged in the Indictment: $6900.00 in United States currency, a Kel-Tec 9mm semi-automatic pistol, and 9mm ammunition. Id.

Following a jury trial, this Court entered a conviction of Hill of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm/ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Judgment 1, United States v. Hill, No. 3:07cr407 (E.D. Va. Oct. 7, 2008), ECF No. 36. Pursuant to Federal Rule of Civil Procedure 32.2, the Government moved for criminal forfeiture of

3

the firearm and ammunition.[2]  Motion for Forfeiture of Property 1, <u>United States v. Hill</u>, No. 3:07cr407 (E.D. Va. Oct. 6, 2008), ECF No. 31.  The Court ordered criminal forfeiture of the firearm and ammunition.  Order of Forfeiture, <u>United States v. Hill</u>, No. 3:07cr407 (E.D. Va. Oct. 7, 2008), ECF No. 34.

On October 26, 2010, Hill filed his Motion to Return Property, seeking the return of: (1) the $6,867.00 in United States currency; (2) documents and papers ("documents/papers"); (3) phones; and (4) jewelry. (Mot. Ret. Prop. 1-2.)  He argues that the Government must return the property because "the government never formally instituted a foreiture [sic] proceeding(s) in conformity with established United States Law . . . ." (Reply Br. at 1-2, ECF No. 15.)  By Memorandum Opinion and Order entered December 13, 2012, the Court dismissed the Motion to Return Property with respect to the currency and the jewelry.[3]  (ECF Nos. 22-23.)  Hill's motion to return the documents/papers and phones is now before the Court.

---

[2] In its Response, the United States notes that the $6900.00 listed in the indictment was the same $6867.00 seized by the Richmond Police.  (Resp. Mot. Ret. Prop. 3, n.1.)  Because Hill forfeited this currency to the Commonwealth pursuant to the Final Notice of Forfeiture, the United States moved for criminal forfeiture of only the firearm and ammunition.

[3] Because the United States never possessed the currency and jewelry, the Court lacked subject matter jurisdiction over the property, and the appropriate disposition is dismissal.  <u>See</u> <u>United States v. Downs</u>, 22 F. App'x 961, 962 (10th Cir. 2001).

## II.   THE GOVERNMENT'S RESPONSE

The United States submitted the Declaration of Special Agent Spotswood of the ATF (Resp. Mot. Ret. Prop. Attach. ("Spotswood Decl.") 1) and the Declaration of Detective Todd Bevington of the City of Richmond Police Department. (Resp. Opp'n Mot. Summ. J. Attach. ("Bevington Decl.") 1.) Special Agent Spotswood swears that he "checked the ATF's evidence inventory system and determined that the ATF does not have and has never had custody" of Hill's property. (Spotswood Decl. 1.) Detective Todd Bevington avers that he "participated in the execution of a search warrant at Hill's residence . . . . (Bevington Decl. 1.) He swears that "RPD took exclusive custody of the property that was seized." (Id.) Bevington "has checked RPD's property section and property inventory system and determined that our department is in the possession of two cellular phones and documents/papers seized pursuant to the search warrant." (Id.) Bevington further explains: "According to the RPD's policy, Hill can obtain the two cellular phones and documents/papers, in person only, at the RPD's property section." (Id.)

### III.   RELIEF PURSUANT TO FED. R. CRIM. P. 41(G)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property

> may move for the property's return.  The motion must
> be filed in the district where the property was
> seized.    The court must receive evidence on any
> factual issue necessary to decide the motion.  If it
> grants the motion, the court must return the property
> to the movant, but may impose reasonable conditions to
> protect access to the property and its use in later
> proceedings.

Fed. R. Crim. P. 41(g).  The Court properly denies a motion for

return of property if the defendant lacks entitlement to "lawful

possession of the seized property, the property is contraband or

subject to forfeiture or the government's need for the property

as evidence continues.'"   United States v. Vanhorn, 296 F.3d

713, 719 (8th Cir. 2002) (quoting United States v. Mills, 991

F.2d 609, 612 (9th Cir. 1993)).[4]  "[A]ny factual determinations

supporting the court's decision must be based on evidence

received.  This requirement does not mean that a district court

must conduct an evidentiary hearing to resolve all factual

disputes.  It does require, however, that the district

court . . . resolve factual disputes" on evidence, rather than

on mere allegations.  United States v. Stevens, 500 F.3d 625,

628 (7th Cir. 2007) (citing United States v. Albinson, 356 F.3d

278, 281-82 (3d Cir. 2004)).

---

[4] The cases cited herein predating 2002 address motions
brought pursuant to Federal Rule of Criminal Procedure 41(e).
The Advisory Committee reorganized Rule 41 in 2002, amended Rule
41(e), and recodified it as Rule 41(g).  The Advisory Committee
Notes described the changes as "stylistic only."  See Fed. R.
Crim. P. 41, Advisory Committee Notes, 2002 Amendments.

Additionally, appropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property. See United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003); United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997). In "limited circumstances," a defendant may use Rule 41(g) "as a vehicle to petition for the return of property seized by state authorities." Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999), superseded by statute, Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 2, 114 Stat. 202, 208, as recognized in Kadonsky v. United States, 3 F. App'x 898, 904 n.6 (10th Cir. 2001).[5] These circumstances include "actual federal possession of the property forfeited by the state," or constructive federal possession of the property: (1) where the government uses the property as evidence in the federal prosecution, or (2) where the federal government directed state officials to seize the property. Clymore, 164 F.3d at 571 (citations omitted); see United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006); Solis, 108 F.3d 722-23. Moreover, a state's decision to defer prosecution to the United States by itself, fails to confer constructive possession of

---

[5] Clymore remains good authority for the above proposition set forth in this Memorandum Opinion. However, Congress significantly amended the civil forfeiture statute discussed in Clymore. See Kadonsky, 3 F. App'x at 904 n.6.

property seized during the state investigation.    Copeman, 458
F.3d at 1072.

Hill seeks return of documents/papers and cell phones,
seized by the state pursuant to a state search warrant.    Hill
argues entitlement to the return of this property because the
government never formally instituted forfeiture proceedings
against this property.    (Mot. Ret. Prop. 5.)    The United States
concedes that it never sought forfeiture of this property, but
argues that the state seized the property pursuant to a state
search warrant, and none of Hill's pleadings suggest federal
involvement in the seizure.    (Resp. Mot. Ret. Prop. 4.)    The
United States establishes that the United States does not have
actual possession of the cellular phones and documents/papers.
(Spotswood Decl. 1.)    The RPD currently possesses both the
cellular phones and documents/papers.    (Bevington Decl. 1.)
Accordingly, no record evidence exists that the United States
actually possesses the property sought by Hill.    Thus, in order
to seek the return of property from the United States, Hill must
establish that the United States constructively possesses the
phones and documents/papers.

Hill provides no argument that the United States constructively possesses the documents/papers and cell phones.[6] Nevertheless, as previously explained, a cursory review of the criminal trial docket reveals the United States entered both phones and documents into evidence at trial. See Minute Entry, Exhibit and Witness List 1, United States v. Hill, No. 3:07cr407 (E.D. Va. filed July 2, 2008), ECF No. 26. The United States argues that "[t]he use of some property as evidence at trial in no way diminishes" the conclusion that "the [RPD] and not ATF had custody of the property seized from Hill." (Resp. Opp'n Mot. Summ. J. 6.) The United States contends that Hill cannot establish constructive possession, because he fails to demonstrate that the property held by the state "'is being held for potential use as evidence in a federal prosecution.'" (Supp'l Br. 4 (quoting Copeman, 458 F.3d 1072).) The United States also argues that it lacks the ability to return property that is in the possession of the RPD. (Supp'l Br. 7 (citations omitted).)

In Clymore, the United States Court of Appeals for the Tenth Circuit explained that the United States may be found to have constructive possession "where the property **was considered** evidence in the federal prosecution." 164 F.3d at 571 (emphasis

---

[6] Hill's only constructive possession argument pertains to the United States currency forfeited to the state. (Reply 4, ECF No. 15.)

9

added) (citing cases). While Clymore seemingly suggests that the prior use of property in a federal prosecution may confer federal constructive possession of those items, a subsequent Tenth Circuit case clarified: "[A]s we said in Clymore, property seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes **unless it is being held for potential use** as evidence in a federal prosecution." Copeman, 458 F.3d at 1072 (citing Clymore, 164 F.3d at 571; Solis, 108 F.3d at 723); see United States v. Brown, No. 04-CR-0158-SEH, 2007 WL 1087613, at *2 (N.D. Okla. Apr. 9, 2007) (citing Copeman for the proposition). Thus, "Copeman characterizes the Clymore holding as requiring a present potential for use as evidence in a federal prosecution." United States v. Rhoiney, No. 02-40014-01-RDR, 2006 WL 3533095, at *2 (D. Kan. Dec. 7, 2006).

Here, Hill fails to demonstrate that the United States constructively possesses the documents/papers and cell phones. Hill's criminal prosecution concluded in 2008. Because the RPD currently retains possession of the documents/papers and cell phones, these items are no longer being held "for potential use as evidence in a federal prosecution." Copeman, 458 F.3d at 1072 (citations omitted); see United States v. Walker, No. 08-20152, 2009 WL 4508566, at *1-2 (D. Kan. Nov. 23, 2009) (finding claimant convicted in federal court failed to demonstrate

personal property held by state police was constructively possessed by United States when property "is not being held for potential use as evidence"); Rhoiney, 2006 WL 3533095, at *2 (rejecting notion that United States has constructive possession of property after conclusion of criminal proceedings because property no longer "has potential use as evidence in a federal prosecution").[7] Nor is there any evidence that the items "[were] in the . . . constructive possession of the United States at the time of [Hill's] filing of the motion." Solis, 108 F.3d at 722. Because the RPD currently possesses the documents/papers and cellular phones, and these items are not being held for use as evidence in a federal prosecution the United States cannot be found to constructively possess the items.

Moreover, whether or not the United States may have constructively possessed the documents/papers, and cell phones while Hill's criminal prosecution was ongoing, "the United States cannot return property that it does not actually possess." Brown, 2007 WL 1087613, at *2 (citing Copeman, 458 F.3d at 1072); see United States v. White, 718 F.2d 260, 261 (8th Cir. 1983) (holding that "since the government does not

---

[7] But see, e.g., United States v. Watson, No. 04-CR-182-TCK, 2011 WL 3241357, at *1-2 (N.D. Okla. July 28, 2011) (finding items seized by state officials which remained in state custody were constructively possessed by United States because the items were introduced as evidence in federal prosecution).

possess White's property, it cannot return his property" (citation omitted)).

Importantly, Hill also fails to establish that he has no state remedy to obtain the documents, papers, and cell phones. "When 'state avenues of relief [are] open to [the movant], he cannot show an inadequate remedy at law.'" Copeman, 458 F.3d at 1073 (alterations in original). In addition to any state judicial remedy available to Hill to obtain his remaining property, Detective Bevington avers that pursuant to the RPD's policy, Hill may obtain the two cellular phones and documents/papers, by appearing in person at the RPD's property section and requesting the return of the items. (Bevington Decl. 1.)

## IV.   CONCLUSION

Given Hill's failure to demonstrate that the United States possesses the papers, documents, and cell phones he seeks, the Rule 41(g) Motion will be dismissed for lack of jurisdiction.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Hill and counsel for the United States.

An appropriate Order shall issue.

/s/   _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2013

12